Michael Kind, Esq.
Nevada Bar No.: 13903
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 967-6665
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Larissa Lopez*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Larissa Lopez,<br><br>                          Plaintiff,<br><br>v.<br><br>Medical Data Systems, Inc. *d/b/a* Medical Revenue Service,<br><br>                          Defendant. | Case No: 2:17-cv-01007<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq.**<br><br>**Jury Trial Demanded** |

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

### INTRODUCTION

1. Larissa Lopez ("Plaintiff"), by counsel, brings this action to challenge the actions of Medical Data Systems, Inc. *d/b/a* Medical Revenue Service ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. The United States Congress has also found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Las Vegas, Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

9. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State as a Foreign Corporation and conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Clark County, Nevada.

## PARTIES

11. Plaintiff is a natural person who resides in Las Vegas, Nevada.

12. Plaintiff is alleged to owe a debt (the validity of which is disputed), and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a corporation organized in the State of Florida, registered with the Nevada Secretary of State as a corporation and doing business in the State of Nevada.

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. On or about October 24, 2016, Plaintiff allegedly incurred certain financial obligations to Summerlin Hospital Medical Center (the "Debt").

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Although the validity of the alleged Debt is immaterial to this action, Plaintiff disputes the validity of the Debt.

18. Sometime thereafter, Defendant was assigned the right to collect on the Debt.

19. On or about September 15, 2016, Defendant sent Plaintiff a letter for the purposes of collecting on the Debt.

20. Within about three days after the September 15, 2016 letter,  prior to Plaintiff receiving Defendant's written correspondence, Defendant called Plaintiff and demanded an immediate payment on Plaintiff's Debt.

21. During the phone call, Plaintiff disputed the validity of the debt and requested that Defendant provides her with an address where Plaintiff could send her dispute correspondence.

22. Defendant's representative named Tyler stated that "you don't need to write to us" and would not give Plaintiff Defendant's address.

23. On or about November 2, 2016, Defendant again called Plaintiff and demanded a payment of the Debt, at which time, Plaintiff informed Defendant that she withdrew her consent for Defendant to contact Plaintiff and instructed Defendant to cease any oral communication, including but not limited to Defendant's calls to Plaintiff's cellular telephone, with respect to the disputed Debt.

24. Nevertheless, Defendant continued to call Plaintiff in an attempt to collect the Debt, after it knew that Plaintiff disputed the Debt and that it was illegal for Defendant to continue to contact Plaintiff in attempt to collect the Debt.

25. Specifically, Defendant continued to contact Plaintiff, including but not limited to, on the following dates:

- December 5, 2016
- December 12, 2016
- December 15, 2016
- January 3, 2017

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

- January 4, 2017

- February 21, 2017

26. In fact, Defendant admitted to Plaintiff that Defendant had not placed the account in dispute after informed Defendant that she disputed the account and that Defendant should cease contacting Plaintiff.

27. Defendant's continued its repeated telephone communications in attempt to collect the Debt, when it knew that Plaintiff had instructed Defendant to cease all oral communications, and therefore, Defendant violated 15 U.S.C. § 1692c.

28. Defendant also violated 15 U.S.C. § 1692e when it used the name of any business, company, or organization other than the true name of the debt collector's business, company, or organization since Defendant used the name "Medical Revenue Service" instead of its true name.

29. Defendant also mislead Plaintiff by misrepresenting to Plaintiff that Plaintiff was not required to dispute the Debt in writing, and specifically stating "you don't need to write to us," and thus, violating 15 U.S.C. § 1692e and 1692e(10).

30. Under the FDCPA, 15 U.S.C. § 1692g, a debt collector *must* send a written notice that informs the debtor of the amount of the debt, to whom the debt is owed, and the debtor's right to dispute the debt in writing within thirty (30) days of receipt of the letter, and the debtor's right to obtain a verification of the debt.

31. The § 1692g requirement is one of the most important requirements under the FDCPA, and the debtor's right to dispute the debt must not be overshadowed or inconsistent with other debt collection activities within the statutory thirty (30) day period to avoid confusing the least sophisticated debtors as to the debtor's validation rights.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

32. Defendant's efforts to collect the Debt, specifically Defendant's misleading statements that "you don't need to write to us" overshadowed the September 15, 2016 notice and thereby violated 15 U.S.C. § 1692g.

33. Defendant's continued telephone calls to Plaintiff and numerous misrepresentations and efforts to overshadow Plaintiff's consumer rights under 15 U.S.C. § 1692g, described above amounted to harassment and abuse. Defendant therefore violated 15 U.S.C. § 1692d.

34. Defendant's actions were willful and knowing because Defendant knew that Plaintiff had instructed Defendant to cease communications with Plaintiff and knew that it was prohibited from contacting Plaintiff.

35. As a result of Defendant's actions, Plaintiff suffered from an invasion of her privacy. Plaintiff also suffered from an invasion of her right to privacy when Defendant violated the law and contacted her directly, knowing that she had instructed Defendant to cease communications. Further, Plaintiff suffered from mental anguish and emotional distress as a result of Defendant's continued communications when Defendant knew it was illegal to contact Plaintiff.

36. The harm to Plaintiff was concrete. Plaintiff's right to be free of debt collector contacts since she disputed the debt and instructed Defendant to cease communications. Defendant's communication in violation of the FDCPA breached the Plaintiff's right to be free of direct debt collector contacts.

## COUNT ONE

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

38. Defendant's conduct violated 15 U.S.C. § 1692c in that Defendant unlawfully communicated with Plaintiff to collect the Debt when Defendant knew that Plaintiff had disputed the Debt and instructed Defendant to cease all communications.

39. Defendant's conduct violated 15 U.S.C. § 1692d when Defendant continued to abuse and harass Plaintiff after Plaintiff had disputed the Debt and instructed Defendant to cease all communications.

40. Defendant's conduct violated 15 U.S.C. § 1692e, including § 1692e(10), in that Defendant falsely represented Plaintiff's legal rights to Plaintiff.

41. Defendant's conduct violated 15 U.S.C. § 1692g in that Defendant's collection efforts overshadowed the September 15, 2016 letter sent pursuant to 15 U.S.C. § 1692g.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

43. Plaintiff is entitled to damages as a result of Defendant's violations.

44. Plaintiff has suffered mental anguish and emotional distress, has had to spend time to dispute Defendant's accusations regarding the Debt, has incurred expenses in disputing the alleged Debt and has been required to retain counsel to protect her legal rights to defend herself from Defendant's harassing and abusive collection tactics and to prosecute this cause of action, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

### JURY DEMAND

45.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 7th day of April 2016.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind
      Michael Kind, Esq.
      7854 W. Sahara Avenue
      Las Vegas, NV 89117
      *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117